**SIGNED THIS: September 8, 2015**

_____
**William V. Altenberger
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE:                              ) | |
| DALE LEE HEMKER and                 ) | |
| COURTNEY LYNN HEMKER,               ) | Case No. 15-90023 |
|                                     ) | |
| Debtors.                            ) | |

### O P I N I O N

The matter before the Court is the Trustee's Objection to Confirmation of the Debtors' Second Amended Plan. The plan proposes to pay $56,127.90 to the unsecured creditors, which reflects a deduction for their attorney fees in the amount of $2,810. The Trustee objects, asserting that the Debtors are not allowed to use their disposable income to pay their attorney fees. According to the Trustee, the Debtors are required to add their attorney fees to the total amount, and thus they should pay $59,953.20[1] to the nonpriority unsecured creditors.

The relevant facts of this contested matter are not in dispute. The Debtors, Dale Lee Hemker and Courtney Lynn Hemker, filed for Chapter 13 bankruptcy relief on January 12, 2015. It is undisputed that the Debtors are over median income debtors. On June 4, 2015, the Debtors filed

---

[1] The Trustee made a mistake in calculating the total amount. The correct number should be $59,533.20 based on the Debtors' disposable income.

their Second Amended Plan, which indicates that the Debtors' monthly disposable income is $992.22 on their Form B22C, after making a *Lanning* adjustment. In addition, the Trustee's fees are calculated to be in the amount of 10%. Accordingly, the plan proposes to pay $992.22 for the first four months, and $1098.53 for the remaining 56 months, for a total of $65,486.56. Based on their calculations, the Debtors propose to pay $56,127.90 for the nonpriority unsecured creditors after making deductions for all priority claims and secured claims, including their attorney fees in the amount of $2,810. The Trustee filed this objection to confirmation of the Debtors' Second Amended plan on July 8, 2015. A hearing was held, and this Court took the matter under advisement.

In her written objection, the Trustee asserts that the plan fails to meet the disposable income requirement of 11 U.S.C. § 1325(b)(1)(B), which provides that a Chapter 13 plan should "provide that all of the debtor's projected disposable income . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). The Trustee argues that the term "unsecured creditors" in section 1325(b)(1)(B) only includes nonpriority unsecured claims. Therefore, according to the Trustee, the Debtors must contribute their entire disposable income amount of $992.22 to the payment of the nonpriority unsecured creditors, for a total amount of $59,953.20[2]. Additionally, the Trustee argues that the Debtors' attorney fees are excluded from the calculation under 11 U.S.C. § 707(b)(2)(A)(ii)(III), and thus the Debtors should not be allowed to use their disposable income to pay their attorney fees. The Trustee also points out that there is no line item on Form B22C for the Debtors to deduct their attorney fees from their monthly disposable income. The Trustee finally argues that under *Ransom*, the Debtors should make maximal effort to pay their unsecured creditors, and that the unsecured creditors should not be burdened with the Debtors' attorney fees. *Ransom v. FIA Card Servs.*, N.A., 562 U.S. 61, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011).

---

[2] As previously noted, the correct number should be $59,533.20.

2

At the hearing on the Trustee's objection, the Debtors orally countered that debtors' attorney fees should be paid through Chapter 13 plans based on the general notion of disposable income. The Debtors contend that they have no extra source of income to pay their attorney fees, and thus attorney fees should be paid from the creditors' pool of funds. In addition, citing the *Brown* and *Williams* cases, the Debtors argue that the plain language of section 1325(b)(2)(B) doesn't exclude attorney fees, and section 707(b)(2) allows the Debtors to use their post-petition income to pay their attorney fees. *In re Brown*, 2008 WL 4372675, at *1 (Bankr.S.D.Ohio 2008); *In re Williams*, 394 B.R. 550 (Bankr.D.Colo. 2008). The Debtors also argue that Trustee's fees are added to the disposable income because it has been subtracted pursuant to Form B22C, and there is no such deduction for attorney fees. Thus, the Debtors assert that their attorney fees should be allowed to be paid in the plan from their calculated disposable income. In response, the Trustee counters that attorney fees are similar to Trustee's fees in that they are both administrative expenses. The Trustee points out that in the Debtors' plan, instead of listing attorney fees with other unsecured claims, the Debtors specifically classify their attorney fees as a priority claim. Therefore, the Trustee believes the Debtors' attorney fees should not be paid with general unsecured creditors.

The issue before this Court is whether the Debtors' attorney fees, a priority unsecured claim, may be paid within their Chapter 13 plan along with other unsecured creditors, from their "disposable income," as determined by Form B22C. Section 1325(b)(1)(B) of the Bankruptcy Code provides in pertinent part that, if a trustee or an unsecured creditor objects to confirmation of a debtor's Chapter 13 plan, the plan can be confirmed by the court only if it provides to pay the creditors in full or proposes that "all of the debtor's projected disposable income . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). Section 1325(b)(2) then defines "disposable income" as current monthly income received by the debtor less amounts "reasonably necessary to be expended." *See* 11 U.S.C. § 1325(b)(1)(B). Many courts have

3

addressed the issue of whether the term "unsecured creditors" includes both priority and nonpriority creditors and have reached different results. *See In re Echeman*, 378 B.R. 177 (Bankr.S.D.Ohio 2007); *In re Amato*, 366 B.R. 348 (Bankr.D.N.J.2007)*; In re McDonald*, 361 B.R. 527 (Bankr.D. Mont.2007)[3]; *In re Brown*, 2008 WL 4372675, at *1 (Bankr.S.D.Ohio 2008); *In re Williams*, 394 B.R. 550, 554 (Bankr.D.Colo. 2008).

Most of these courts agree with the Debtors that the plain language of the words "unsecured creditors" seems to suggest that debtors could use their disposable income to pay both priority and nonpriority unsecured creditors. However, some courts find that such interpretation would lead to absurd results. These latter courts note that for above median income debtors, like the Debtors in the present case, their "reasonable necessary expenses" are calculated pursuant to 11 U.S.C. § 707 (b)(2)(A), which is referred to as the "Means Test." Section 707(b)(2)(A), as applied in Form B22C, allows above median income debtors to make certain enumerated deductions in determining the amount of their "disposable income" under section 1325(b). Specifically, section 707(b)(2)(A)(iv) provides that debtors should subtract payment of "all priority unsecured claims." *See* 11 U.S.C. § 707(b)(2)(A)(iv). Accordingly, these courts conclude that allowing debtors to pay priority unsecured creditors from their disposable income would result in "double-counting." *See Echeman*, 378 B.R. at 18; *Amato*, 366 B.R. at 352.

This Court finds the analysis in these cases instructive. Both parties agree that, as pointed out by the courts in *Echeman* and *Williams*, there is no line in Form B22C for deduction for the debtors' attorney fees. *Echeman*, 378 B.R. at 18; *Williams*, 394 B.R. at 563. As a result, unlike trustee's fees, attorney fees will be counted only once if courts allow above median income debtors to pay attorney fees from their disposable income. Thus, this Court agrees with *Echeman* and

---

[3] This Court notes that although the Trustee cited the *McDonald* case in supporting her position, the *McDonald* court noted that whether "unsecured creditors" include the debtors' attorney fees was not an issue in that case.

4

*Williams* that "disposable income" should be interpreted in a way that allows all priority unsecured claims to be "counted once, no more, no less." *Williams*, 394 B.R. at 564. Therefore, the Debtors are entitled to deduct their attorney fees before calculating the amount that should be paid to nonpriority unsecured creditors.

Citing *Amato*, the Trustee argues that debtors cannot subtract their attorney fees in calculating their disposable income because Form B22C excludes attorney fees from the calculation. *Amato*, 366 B.R. at 352. This Court respectfully disagrees. The Advisory Committee Comments to Form B22C explicitly provide that:

> Section 1325(b)(1)(B) requires that disposable income contributed to a Chapter 13 plan be used to pay 'unsecured creditors.' A debtor's attorney who has not taken a security interest in the debtor's property is an unsecured creditor who may be paid from disposable income.

In addition, as previously mentioned, above median income debtors are entitled to subtract all priority claims in calculating their disposable income 11 U.S.C. § 707(b)(2)(A). As Form B22C is intended to apply the statutory requirements specified in section 702(b)(2)(A), this Court does not feel constrained by the unfortunate omission from Form B22C. Therefore, this Court agrees with the Debtors' calculations, and thus the Debtors should be allowed to pay their attorney fees as a priority claim before paying nonpriority unsecured creditors.

This Court also notes that this interpretation is the only reasonable one to avoid unfair results between above median income debtors and below median income debtors. Section 707(b)(2) and form B22C are only applicable to above median income debtors. Below median income debtors calculate their "reasonably necessary expenses" based on Schedule J, which does not provide deductions for priority unsecured claims. In addition, below median income debtors are allowed to pay attorney fees from their disposable income before they pay nonpriority unsecured debtors. Thus, this Court finds it unfair to require above median debtors to pay their attorney fees from a

different source of funds. This Court also rejects the Trustee's argument that such calculations will be inconsistent with the analysis in *Ransom*, because the Debtors simply have no other source of income besides their "disposable income."

This Court finally notes that this interpretation of section 1325(b)(1)(B) is in conformity with this Court's Standing Order Regarding Attorney Fees for Debtors' Counsel in Chapter 13 Cases (Peoria and Urbana divisions) ("Standing Order"), which reflects current practice and provides in relevant part as follows:

> Allowed attorney fees shall be paid through the plan. However, the attorney may receive all or part of the allowed fees prior to the filing of the case, provided those fees are deducted from the total allowed fees to be paid through the confirmed plan. The allowed fees shall be paid by the Trustee ratably with other administrative expenses and priority claims.

Standing Order at. p. 1.

For the foregoing reasons, this Court concludes that the Debtors should be allowed to pay their attorney fees from their disposable income pursuant to section 1325(b)(1)(B) and the Trustee's objection should be overruled.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###